UNITED STATES DISTRICT COURT
SOUTHERN DISTRICE OF FLORIDA
MIAMI DIVISION

KATHY STED,                                                       Case No.: 1:25-cv-21412-DPG

      Plaintiff,

v.

NVT INVESTMENT GROUP, INC.
d/b/a NOVALICE KRYSTAL NAILS
AND SPA, and NCL BAHAMAS LTD
d/b/a NORWEGIAN CRUISE LINE, a
Foreign Profit Company,

      Defendants.

_____/

## DEFENDANT, NVT INVESTMENT GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, NVT INVESTMENT GROUP, INC., by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states as follows:

1. Defendant admits to the allegations in Paragraph 1 of Plaintiff's Amended Complaint for purposes of jurisdiction but is without knowledge as to the amount of damages Plaintiff is claiming and thus, those allegations are denied, and Defendant demands strict proof thereof.

2. Defendant is without knowledge as to the allegations in Paragraph 2 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

3. Defendant is without knowledge as to the allegations in Paragraph 3 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

4. Defendant admits to the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

## VENUE AND PERSONAL JURISDICTION

5. Defendant is without knowledge as to the allegations in Paragraph 5 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

6. Defendant admits to the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant is without knowledge as to the allegations in Paragraph 7 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

8. Defendant is without knowledge as to the allegations in Paragraph 8 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

## FACTS RELEVANT TO ALL COUNTS

9. Defendant admits to the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant admits to the allegations in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Amended Complaint and demands strict proof thereof.

12. Defendant is without knowledge as to the allegations in Paragraph 12 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

13. Defendant is without knowledge as to the allegations in Paragraph 13 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

14. Defendant is without knowledge as to the allegations in Paragraph 14 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

15. Defendant is without knowledge as to the allegations in Paragraph 15 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

16. Defendant is without knowledge as to the allegations in Paragraph 16 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

17. Defendant is without knowledge as to the allegations in Paragraph 17 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

18. Defendant is without knowledge as to the allegations in Paragraph 18 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

19. Defendant is without knowledge as to the allegations in Paragraph 19 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

20. Defendant is without knowledge as to the allegations in Paragraph 20 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

21. Defendant is without knowledge as to the allegations in Paragraph 21 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

22. Defendant is without knowledge as to the allegations in Paragraph 22 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

23. Defendant is without knowledge as to the allegations in Paragraph 23 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

24. Defendant is without knowledge as to the allegations in Paragraph 24 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

25. Defendant is without knowledge as to the allegations in Paragraph 25 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

26. Defendant is without knowledge as to the allegations in Paragraph 26 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

27. Defendant is without knowledge as to the allegations in Paragraph 27 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

28. Defendant is without knowledge as to the allegations in Paragraph 28 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

29. Defendant is without knowledge as to the allegations in Paragraph 29 of Plaintiff's Amended Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint and demands strict proof thereof.

**COUNT I-NEGLIGENT CARE AND TREATMENT AS TO DEFENDANT, NCL**

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

31.-38. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

### COUNT II-NEGLIGENCE OF NCL BASED UPON APPARENT AGENCY

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

39.-50. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

### COUNT III-NEGLIGENT HIRING AS TO DEFENDANT, NCL

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

51.-63. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

### COUNT IV-NEGLIGENT TRAINING AS TO DEFENDANT, NCL

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

64.-76. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

## COUNT V-NEGLIGENT RETENTION AS TO DEFENDANT, NCL

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

77.-81. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

## COUNT VI-NEGLIGENT SUPERVISION AS TO DEFENDANT, NCL

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

82.-88. This Count is not directed to this Defendant, NVT INVESTMENT GROUP, INC. To the extent that any allegations of this Count are deemed to pertain to this Defendant, they are denied, and Defendant demands strict proof thereof.

## COUNT VII-NEGLIGENT AGAINST NOVALICE

Defendant incorporates its responses to the allegations in Paragraphs 1 through 30 as if fully set forth herein.

89. Defendant admits to the allegations in Paragraph 89 of Plaintiff's Amended Complaint.

90. Defendant denies the allegations in Paragraph 90 of Plaintiff's Amended Complaint and demands strict proof thereof.

91. Defendant denies the allegations in Paragraph 91 of Plaintiff's Amended Complaint and demands strict proof thereof.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's Amended Complaint and demands strict proof thereof.

93. Defendant denies the allegations in Paragraph 93 of Plaintiff's Amended Complaint and demands strict proof thereof.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's Amended Complaint including subparagraphs a, b, c, d, and e, and demands strict proof thereof.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's Amended Complaint and demands strict proof thereof.

96. Defendant denies each and every allegation not specifically admitted, *supra*, and demands strict proof thereof.

97. Defendant demands trial by jury on all issues.

## AFFIRMATIVE DEFENSES

98. As and for a first Affirmative Defense, Defendant states that Plaintiff was herself negligent by failing to keep her feet clean and sanitary, which negligence contributed to her alleged injuries, and her claim is therefore barred and/or reduced, according to the principles of comparative negligence.

99. As and for a second Affirmative Defense, Defendant states that Plaintiff has been compensated by collateral sources such a disability and health insurance, and that any recovery herein should be barred or reduced by the payments that Plaintiff has received by any and all such sources.

100. As and for a third Affirmative Defense, Plaintiff was the sole legal cause of the injuries alleged in the Complaint by failing to keep her feet clean and sanitary, and, therefore, the Plaintiff is barred from recovery.

101. As and for a fourth Affirmative Defense, the Defendant is entitled to a setoff or any collateral source benefits paid or payable in favor of the Plaintiff as a matter of law. Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of negligence attributable to the Plaintiff.

102. As and for a fifth Affirmative Defense, the Plaintiff has failed to mitigate damages by failing to seek medical attention at any of the ports/stops along the cruise when she did not feel she received adequate treatment on board and is not entitled to recover for those damages which could have been avoided through the use of reasonable care.

103. As and for a sixth Affirmative Defense, the Defendant is entitled to a set-off for any settlement or award obtained by the Plaintiff from many other person or entity, as
provided by Florida law.

104. As and for a seventh Affirmative Defense, in the event of a jury verdict awarding damages, the Court shall enter judgment against each party found liable on the basis of that party's percentage of fault and not on the basis of the Doctrine of Joint Several
Liability, pursuant to Florida Statute § 768.81.

105. As and for an eighth Affirmative Defense, in the event that a determination is made that this Defendant is liable, then this Defendants is liable only on the basis of percentage of fault and not on the basis of joint and several liability.

106. As and for a nineth affirmative defense, Defendant states that Plaintiff assumed the risk involved in getting a pedicure and therefore is not entitled to recovery of damages.

107. As and for a tenth Affirmative Defense, Defendant states that the Plaintiff, NCL, or some other third party not under the control of this Defendant, was in whole or in part negligent and that this negligence was the proximate cause of the injuries, if any, and therefore, the Plaintiff's recovery against this Defendant is limited to only that percentage of fault assigned to this Defendant by the jury, as set forth in *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

108. As and for a tenth Affirmative Defense, Defendant is entitled to a set-off of medical bills that were written off by medical providers who examined and/or treated the Plaintiff pursuant to the Plaintiff's contracts with health insurance/maintenance organizations, *Goble v. Fohman*, 901 So.2d 830 (Fla. 2005), and/or reduced upon the Plaintiffs' acceptance of payments from Medicare and/or Medicaid, *Thyssenkrup Elevator Corp. v. Lasky*, 868 So.2d 547 (Fla. 4th DCA 2003).

109. As and for an eleventh Affirmative Defense, Defendant states that Plaintiff has failed, as a condition precedent in asserting a claim for medical expenses or treatment rendered under a letter of protection, to disclose what is mandatorily required pursuant to Fla. Stat. § 768.0427(3).

111. As and for a twelfth Affirmative Defense, Defendant states that it is entitled to the benefits and protections pursuant to Fla. Stat. § 768.81. If Plaintiff is found to be greater than 50 percent at fault for Plaintiff's own harm, Plaintiff is barred from recovery in this lawsuit.

112. As and for a thirteenth Affirmative Defense, Defendant states that it was in compliance with Florida laws and regulations that govern sanitation at commercial nail salons. *See Salon Requirements*, 61 FL ADC 61G5-20.002.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2025 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the attached service list via transmission of Notices of Electronic Filing.

Signed this 8 day of May, 2025.

> s/ Jeffrey C. Cosby, Esq.
> Jeffrey C. Cosby, Esq.
> Florida Bar No. 967981
> Service to: eservice@wlclaw.com
> Attorney for Defendant, NVT Investment Group, Inc.
> Williams, Leininger & Cosby, P.A.
> 301 SE Ocean Blvd., Suite 205
> Stuart, FL  34994
> Telephone: 772-463-8402
> Facsimile: 772-463-4820